# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____
                                            |
D'YOUVILLE COLLEGE a/k/a                    |
D'YOUVILLE UNIVERSITY,                      |
   320 Porter Ave.                        |
   Buffalo, NY 14201                       |
                                            |            SUMMONS
                               Plaintiff,   |
                                            |
- v -                                       |
                                            |     Index No. 801035/2025
HARTFORD FIRE INSURANCE COMPANY,            |
   One Hartford Plaza                      |
   Hartford, CT 06155-0001                 |
                                            |
                               Defendant.   |
_____|

**TO THE ABOVE NAMED DEFENDANT:**

     YOU ARE HEREBY SUMMONED AND REQUIRED to appear in this action and to serve upon Plaintiffs' attorney, at the address stated below, a written Answer to the attached Complaint. If this Summons is served upon you within New York State by personal service, you must respond within TWENTY (20) days after service, not including the day of service. If this Summons is not personally delivered to you within New York State, you must respond within THIRTY (30) days after service is completed, as provided by law. If you do not respond to the attached Complaint within the applicable time limitation stated above, a judgment will be entered against you by default for the relief demanded in the Complaint, together with the costs and disbursements of this action, without further notice to you.

     Plaintiffs designate the County of Erie as the place of trial because of the residence of Plaintiff and the location of the Property at issue.

Dated:   Buffalo, New York
         February 20, 2025

                                    DUKE HOLZMAN PHOTIADIS & GRESENS LLP

                              By:   /s/ *Thomas D. Lyons*
                                    Christopher M. Berloth, Esq.
                                    Thomas D. Lyons, Esq.
                                    *Attorneys for Plaintiffs*
                                    701 Seneca Street, Suite 750
                                    Buffalo, New York 14210
                                    Tel: (716) 855-1111
                                    cberloth@dukeholzman.com
                                    tlyons@dukeholzman.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

D'YOUVILLE COLLEGE a/k/a
D'YOUVILLE UNIVERSITY,
    320 Porter Ave.
    Buffalo, NY 14201

                Plaintiff,

- v -

HARTFORD FIRE INSURANCE COMPANY,
    One Hartford Plaza
    Hartford, CT 06155-0001

                Defendant.

COMPLAINT

Index No. 801035/2025

---

    Plaintiff D'Youville College a/k/a D'Youville University ("Plaintiff"), by and through its attorneys, Duke Holzman Photiadis & Gresens LLP, as and for its Complaint against Hartford Fire Insurance Company ("Hartford"), state and allege as follows:

## PARTIES

    1.    Plaintiff is a New York not-for-profit corporation whose principal office(s) are located in Erie County, State of New York.

    2.    Plaintiffs, at all relevant times, owned real property located at 320 Porter Avenue. #330, Buffalo, New York; 585-593 Prospect Avenue, Buffalo, New York; and 591-605 Niagara Street, Buffalo, New York (collectively the "Property").

    3.    Upon information and belief, Hartford was and is an insurance company organized and duly authorized to transact insurance business in the State of New York.

## JURISDICTION AND VENUE

4. This action is brought in the County of Erie, pursuant to CPLR § 503(a), based upon (a) Plaintiff's place of business and (b) the location of the Property, wherein a substantial part of the events giving rise to the claims at issue occurred.

## FACTS

5. On or about May 5, 2022, Hartford issued Plaintiff a commercial insurance policy for the Property bearing the number 01UUNFH8261 06/01/2022 - 06/01/2023 (the "Policy").

6. The Policy was issued in consideration of a premium which was paid to, and received and retained by, Hartford.

7. The Policy provides insurance coverage for various causes of loss or damage to the Property, and Plaintiff's business personal property.

8. On or about December 25, 2022, the Property was damaged by water as a result of frozen plumbing (the "Loss").

9. The Loss damaged Plaintiff's Property, Plaintiff's business personal property located inside the building, and/or caused an interruption in Plaintiff's business operations.

10. Plaintiff retained the services of National Fire Adjustment Co., Inc. to serve as Plaintiff's public adjuster with respect to the Loss and the damages resulting therefrom.

11. Upon information and belief, Plaintiff's damages resulting from the Loss total more than $5,000,000.00.

12. Plaintiff promptly reported the Loss to Hartford.

13. At all relevant times after the Loss, Hartford had access to the Property, with full opportunity to inspect it.

14. Plaintiff timely complied with all requests made by Hartford and satisfied all conditions necessary for coverage under the Policy.

15. Hartford has acknowledged the existence of coverage for the Loss.

16. However, Hartford has failed and/or refused to issue full and complete payment for all of Plaintiff's damages resulting from the Loss.

FIRST CAUSE OF ACTION
BREACH OF CONTRACT

17. Plaintiff repeats and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

18. Hartford has a duty under the Policy to provide coverage for damages arising from the Loss, including without limitation: Actual Cash Value and Replacement Cost Benefits.

19. Plaintiff duly notified Hartford of its claims for damages arising from the Loss.

20. Hartford has failed and refused to make full and complete payments to Plaintiff for all of Plaintiff's damages resulting from the Loss pursuant to the terms of the Policy, which constitutes a breach of the Policy.

21. Hartford's conduct has been dilatory and unreasonable.

22. Hartford's conduct has unreasonably obstructed and prevented Plaintiff from receiving prompt payment for the insurance benefits to which it is entitled.

23. Plaintiff has been damaged by Hartford's wrongful conduct, including without limitation, suffering extra-contractual consequential damages as a result of Hartford's failure to act promptly and breach of its duty and obligation of good faith and fair dealing.

24. As a result of Hartford's breach, Plaintiff has been damaged and is entitled to judgment against Hartford in an amount to be determined at trial, but upon information and belief, not less than $5,000,000.00, plus interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, and enter an Order granting judgment against Hartford in an amount to be determined at trial, but upon information and belief, not less than $5,000,000.00, plus interest; and granting such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
February 20, 2025

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By: /s/ *Thomas D. Lyons*
Christopher M. Berloth, Esq.
Thomas D. Lyons, Esq.
*Attorneys for Plaintiffs*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Tel: (716) 855-1111
cberloth@dukeholzman.com
tlyons@dukeholzman.com

- 4 -